IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative of
the Estate of Sam Tom,

        Plaintiff,

v.                                                                                    CV 10-1257 LH/WPL

S.B., Inc., et al.,

        Defendants.

## ORDER

This matter comes before me on two discovery motions. Defendant S.B., Inc. ("SB") filed a motion to compel Plaintiff Elsie Tom to respond to requests for admissions ("RFAs") on May 21, 2012. (Doc. 102.) That same day, Defendant Samuel Ruff also filed a motion to compel Tom to respond to RFAs and interrogatories. (Doc. 104.) Tom has filed responses in opposition to both motions (Doc. 115; Doc. 116), and SB and Ruff filed replies (Doc. 137; Doc. 145). After having carefully considered the law and relevant facts, I grant in part and deny in part SB's motion to compel, and I grant in part and deny in part Ruff's motion to compel. I also award costs and reasonable attorney fees to SB and Ruff for filing and briefing their respective motions.

## LEGAL STANDARDS

**I.    RFAs**

Federal Rule of Civil Procedure 36(a) sets out the scope and procedure for serving and responding to RFAs. It provides that "a party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described

documents." FED. R. CIV. P. 36(a)(1). The twin goals of admissions are to "facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." FED. R. CIV. P. 36 advisory committee's note (1970 amend.). Since the purpose of an RFA is to assist the parties in narrowing and limiting issues, "each request for admissions must be direct, simple and limited to singular relevant facts, so that it can be admitted or denied without explanation." *Stranger v. Checker Auto Parts*, No. CIV-05-632 JB/WPL, 2006 U.S. Dist. LEXIS 95628, at *6 (D.N.M. June 30, 2006) (citations omitted).

A responding party may answer an RFA through admission or denial, object, or state in detail why it cannot truthfully admit or deny it. FED. R. CIV. P. 36(a)(4) & (5). If a party lacks sufficient information or knowledge to admit or deny an RFA, she must make a reasonable inquiry into obtaining information necessary to respond. FED. R. CIV. P. 36(a); *see also Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 303 (M.D.N.C. 1998). A party may be required to make inquiry of third parties when they have some identity of interest, such as "by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party." *Uniden Am.*, 181 F.R.D. at 304.

If a party objects to an RFA, then she must specify the grounds for the objection, and she will bear the burden of persuasion. FED. R. CIV. P. 36(a)(5); *Jones v. Rent a Center, Inc.,* No. 01-2320-CM, 2002 U.S. Dist. LEXIS 8181, at *3 (D. Kan. May 2, 2002); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 15395, at *5 (D. Kan. Oct. 5, 1995). If the court finds that an objection is not justified, then "it must order an answer be served." FED. R. CIV. P. 36(a)(6).

## II.     Interrogatories

Interrogatories are permitted on any matter within the scope of Federal Rule of Civil Procedure 26(b). FED. R. CIV. P. 33(a)(2). Rule 26(b) is a broad provision and covers any "nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). A party responding to an interrogatory must answer it "with whatever information" he or she has. *Dean v. New Werner Holding Co.*, No. 07-2534-JAR-GLR, 2008 U.S. Dist. LEXIS 49519, at *8 (D. Kan. June 26, 2008). If the party does not have the information readily available, it cannot simply avoid discovery; the responding party must use reasonable efforts to collect the information in order to answer the interrogatory. *Id.* at *8-9.

### DISCUSSION

## I.     SB's Motion to Compel

In her answers and responses to SB's First Set of Requests for Admissions, Plaintiff objected to eight of the ten RFAs. (Doc. 102 Ex. 1.) SB requests that I overrule Tom's objections and order her to supplement her answers. Tom's objections to the eight RFAs fall into three categories, which I will address in turn.

### a.   *RFA Nos. 2, 3, 5 & 6*

These requests ask Tom to admit or deny the contents of various reports regarding the automobile accident that is at issue in this lawsuit. (Doc. 102 Ex. 1 at 1-3.) Tom objects on the ground that each request involves hearsay (*id.*; Doc. 115 at 1), and she claims that they contain confusing and ambiguous statements that are designed to trick Tom into "[waiving] her rights to object to inadmissible evidence" (Doc. 102 at 2). SB counters that an objection due to hearsay is not appropriate at this stage and that Tom may raise this objection later. (Doc. 137 at 2.)

The meaning of a document is an issue of fact, and it is the proper subject of an RFA. *Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000). Objecting to the RFA on the basis that the underlying document is hearsay is not a valid objection. *Id.* at 81. However, an admission regarding the content of a document, when the document is allegedly hearsay, will not alter the admissibility of that document. *Id.*; *see also Wiard v. Pfeffer*, No. 85-2392, 1987 U.S. Dist. Lexis 5813 (D. Kan June 11, 1987) (holding party must respond to RFA even if it contains hearsay, but that the objection on the ground of hearsay is preserved). Thus, a response to an RFA regarding the content of a document does not waive the responding party's right to raise a hearsay objection at a later time.

A close look at RFA Nos. 2, 3, 5, and 6 reveals that each RFA asks Tom to admit or deny the content of various documents. RFA No. 2 asks, "Please admit that according to the witness statement from Phillip Henio, which is attached to the subject police report, that decedent, Sam Tom, 'spun his tires and tried to make it across.'" (Doc. 102 Ex. 1 at 1.) The question, at its core, concerns the content of a witness statement. Despite SB's linguistic maneuvers to create the impression that Tom would be admitting or denying something more, the RFA is not objectionable. RFA No. 3 is similar. (*Id.* at 2.) RFA Nos. 5 and 6 also request that Tom confirm the content of an Examination Report; however, these admissions are direct and do not suggest a secondary meaning. (Doc. 102 Ex. 1 at 2-3.)

Since the content of a document is a question of fact, the content of the witness statement, police report, and the Examination Report is proper subject matter for an RFA. Accordingly, I overrule Tom's objections to these four RFAs. Within twenty-one days of the entry of this order, Tom must serve on SB supplemental answers to RFA Nos. 2, 3, 5 and 6. I note that a response to

these RFAs does not render the underlying evidence admissible and that Tom has preserved her objections.

       *b. RFA Nos. 4, 8 & 9*

These RFAs ask Tom to either admit or deny that there is no evidence that Ruff was under the influence of alcohol or drugs (No. 4), on his cell phone at the time of the collision (No. 8), or travelling above the posted speed limit (No. 9). (Doc. 102 Ex. 1 at 2, 4.) Tom objects on the ground that it is impossible to know whether there is evidence regarding these issues. (Doc. 115 at 3.) I disagree. It is the close of discovery, and Tom knows whether she has evidence to support any of these three claims. I overrule Tom's objections and order her to answer within twenty-one days of the entry of this order.

       *c. RFA No. 7*

RFA No. 7 asks "Please admit that the decedent, Sam Tom, was not employed at the time of his death." (Doc. 102 Ex. 1 at 3.) Tom claims that the use of the word "employed" is ambiguous and that she is uncertain if his self-employment would render him "employed" within the meaning of this admission. (Doc. 115 at 3.) Tom requested a clarification of the term "employed" in a letter to defense counsel. (Doc. 102 Ex. 3 at 2.) It is unclear if she received clarification, but SB defined the term as "working as an employee for another and receiving a paycheck and filing tax returns" in its motion to compel. (Doc. 102 at 5.) Since SB has narrowed the term, it is no longer ambiguous. Thus, I order SB to re-write the RFA to include this definition and serve it on Tom within fourteen days from the entry of this order. Tom must then submit a supplemental response to the re-written RFA within twenty-one days from the entry of this order, with the understanding that "employed," for the purposes of this RFA, is defined as working as an employee for another, receiving a paycheck, and filing tax returns.

**II.     Ruff's Motion to Compel**

Tom raised objections to several of Ruff's RFAs and interrogatories. (Doc. 104 Ex. 1; Doc. 104 Ex. 2.) They have informally resolved some of their disputes,[1] but they still disagree over the sufficiency of Tom's response to RFA No. 5 and Interrogatories Nos. 2 through 7.

*a. RFA No. 5*

RFA No. 5 asks, "Please admit that Sam Tom was not wearing prescription glasses at the time of the subject collision." (Doc. 104 Ex. 1 at 3.) Tom objected, explaining that she was not present at the time of the accident and that the crash report "is silent on that matter." (*Id.*) I agree with Tom and sustain her objection.

*b. Interrogatories Nos. 2 through 7*

These interrogatories ask Tom to describe the basis for the alleged loss of consortium for each of Sam Tom's children and provide details about the nature of the relationship Sam Tom had with each child. (Doc. 104 Ex. 2 at 4-9.) Tom objects on the ground that she cannot provide a non-party's testimony and insists that Ruff could have deposed the children in order to obtain this information. (Doc. 116 at 3.) I reject this contention. Tom is representing the Estate of Sam Tom, and, as the representative of the Estate, she has brought these claims of loss of consortium on behalf of her children. (Doc. 1 Ex. B at 6-7 ("[T]he estate of Sam Tom, as represented in this action by personal representative, Elsie Tom, is entitled to recover damages (for) . . . the value of the loss of guidance and counseling to his children . . . ."). Since she brings these claims on behalf of the Tom children, she should be able to furnish information regarding these claims.

---

[1] Initially, Ruff moved to compel answers to RFA Nos. 1 through 5 in his First Set of Requests for Admission. (Doc. 104 at 3-5.) However, the parties resolved the dispute with respect to RFA Nos. 1 through 4, so only RFA No. 5 remains in dispute. (Doc. 146 at 1.)

Furthermore, Tom must make a reasonable effort to answer the interrogatories. She has not demonstrated that obtaining such information would be burdensome, and it seems as if obtaining information from her own children would not be overly taxing. I overrule Tom's objections and order her to supplement her answers to Interrogatories Nos. 2 through 7 within twenty-one days of the entry of this order.

## COSTS AND FEES

Generally, if the court grants a motion to compel discovery, or if the disclosure or discovery is provided after the motion was filed, the court must award to the movant reasonable expenses, including attorney's fees, incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). If the court denies the motion, it must award the opposing party reasonable expenses, including attorney's fees, incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). When a motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. FED. R. CIV. P. 37(a)(5)(C).

Since I granted most of SB's motion but not all of it, I order Tom to pay 75% of its reasonable fees and costs. SB must file an affidavit of its costs with the Court fourteen days from the entry of this order. I will grant Ruff's motion in part, so I order Tom to pay 75% of his reasonable fees and costs. Ruff must file an affidavit of his costs with the Court fourteen days from the entry of this order.

## CONCLUSION

For the foregoing reasons, I grant in part and deny in part SB's motion to compel, and I grant in part and deny in part Ruff's motion to compel. I also order Tom to pay 75% of SB's fees and costs and 75% of Ruff's fees and costs.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.