**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

       Plaintiff,

v.                               No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BORS HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

       **THIS MATTER** comes on before the Court on Sherman Bros Heavy Trucking's (S.B., Inc.'s") Rule 42(b) Motion to Bifurcate Proceedings as to Punitive Damages Claims (Doc. 117), filed June 14, 2012.  The Court, having considered the briefs submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motion is **well taken** and will be **granted**.

       In this motion, Defendant S.B., Inc. moves the Court to bifurcate this matter into two trials, the first on Defendants'[1] liability for and the amount of compensatory damages and the second on Defendants' liability for and the amount of punitive damages.  Having ruled in a separate Memorandum Opinion and Order filed contemporaneously herewith that Plaintiff has presented sufficient evidence as to S.B., Inc.'s culpable mental state to survive summary

---

[1] "Defendants" herein refers to Defendant S.B., Inc. and Defendant Ruff.

judgment on her punitive damages claim against S.B., Inc., the Court now reaches the issue of bifurcation.

Federal Rule of Civil Procedure 42(b) provides that:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b).  District courts have broad discretion in determining how a trial will be conducted, including whether to sever issues or claims, and the exercise of that discretion will only be set aside if clearly abused.  *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999) (quoting *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985)).

S.B., Inc. argues that the factors at play favor bifurcation and the determination of Defendants' liability for and the amount of punitive damages in a separate, subsequent trial.   In support, S.B., Inc. argues that there is a likelihood that the jury will otherwise be diverted from determining Defendants' liability for compensatory damages with "a broad range of hotly contested evidence in support of punitive damages claims."  (S.B., Inc.'s Motion to Bifurcate, at 5.)  Plaintiff, on the other hand, maintains that the evidence used to substantiate Defendants' underlying liability for compensatory damages is inextricably linked and "nearly identical" to the evidence used to substantiate a punitive damages award, with the exception of the financial status of Defendant S.B., Inc.  (Pl.'s Resp., at 5-8.)

Notably, Plaintiff asserts in her Complaint that S.B., Inc. was negligent "by failing properly to screen, hire, train, monitor, supervise and/or discipline its employees, including defendant Samuel L. Ruff . . . .  and assuring compliance with the regulatory provisions of the FMSCA."  (Pl.'s Compl., at ¶ 23.)  Considering such claims, the Court agrees with Plaintiff that substantial evidence in support of her punitive damages claims, much of which was detailed in the Memorandum Opinion and Order filed contemporaneously herewith, will also be relevant

and admissible for purposes of establishing S.B., Inc.'s liability for negligent supervision and *negligence per se*.

Nevertheless, the Court finds that bifurcation would serve the important purpose of avoiding prejudice by minimizing the risk that the jury will conflate the legal elements of compensatory and punitive damage claims or erroneously award substantial compensatory damages against Defendants on a weak or unviable claim for compensatory damages.  Under the particular facts of this case, the Court finds persuasive S.B., Inc.'s position that the jury here may be diverted from the task of determining liability for compensatory damages by argument and evidence related strictly to punitive damages.

Plaintiff expresses concern about the burden of trying two independent cases with "nearly identical witnesses" and "nearly identical evidence."  However, these concerns regarding duplication of evidence can be addressed by impaneling the same jury for purposes of the punitive phase, as those jurors, having already heard any overlapping evidence, will then be able to consider that evidence in the punitive damages phase.

Finally, the Court notes that to the extent that Defendants prevail on Plaintiff's compensatory damages claim, a second phase on the punitive damages claim will not commence and the jury will not need to entertain the additional evidence that relates only to that claim.  In this event, significant time and resources of both the Court and the parties would be spared.

In sum, the Court concludes that bifurcation will serve to minimize jury confusion, avoid prejudice, and potentially further judicial economy.  Therefore, the Court will bifurcate Plaintiff's case against Defendants into two trials, with a compensatory phase followed, if necessary, by a punitive phase.   As such, the jury will be instructed on Plaintiff's punitive

damages claim only in the event that it first finds Defendants liable for the underlying negligence claims.

**IT IS THEREFORE ORDERED** that Sherman Bros Heavy Trucking's Rule 42(b) Motion to Bifurcate Proceedings as to Punitive Damages Claims is **granted**.

**IT IS SO ORDERED.**

_____

SENIOR UNITED STATES DISTRICT JUDGE