IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

      Plaintiff,

v.                                                 No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BROS. HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant S.B. Inc d/b/a Sherman Bros Heavy Trucking's ("S.B., Inc.") Motion for Partial Summary Judgment as to Loss of Consortium Claims by Sam Tom's Adult Children (Doc. 112). The Court, having considered the motion, briefs, evidence, arguments, and otherwise being fully advised, will grant the motion.

### I. INTRODUCTION

On or about March 6, 2010, at 6:53 p.m. Plaintiff's Decedent, Sam Tom, was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time, Samuel L. Ruff was driving a semi-truck allegedly owned by S.B., Inc. The tractor trailer operated by Ruff crashed into Tom's vehicle, killing Tom.

### II. FACTUAL BACKGROUND

The decedent has five surviving adult children: Bernice Tom, born on September 30, 1956; Robert Tom, born on June 28, 1958; Henderson Tom, born on July 16, 1962; Priscilla Tom, born on September 13, 1964; and Lorraine Tom, born on April 25, 1960. *See* Defs.' Mot.

(Doc. 112), Undisputed Fact ("UF") ¶¶ 1-5.  Lorraine and Henderson Tom each live in a separate house on either side of decedent Sam Tom's home.  *Id.*, UF ¶ 6.  Sam Tom's other adult children live outside Sam Tom's home or in Tuba City, Arizona.  *Id*., UF ¶ 7.

Elsie Tom, the court-appointed personal representative of decedent Sam Tom, brought suit in this case on behalf of the Estate of Sam Tom under the New Mexico Wrongful Death Act, N.M. Stat. Ann. § 41-2-3.  Sam Tom's adult children seek to recover damages for loss of consortium.  Defendants filed a motion to dismiss the loss of consortium claims brought on behalf of Mr. Tom's adult children.

## II.     STANDARD

An important function of summary judgment is to eliminate factually-unsupported claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).  "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party."  *Id.* (internal quotations omitted).

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists.  *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993).  Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial.  *Id.*  The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *See id.*  There is no issue for trial unless there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  ANALYSIS

To recover damages under a loss-of-consortium theory, the claimant must prove (1) he or she and the injured party shared a sufficiently close relationship, and (2) it is foreseeable that the harm inflicted upon the injured party would damage the relationship between the injured party and the claimant. *Wachocki v. Bernalillo County Sheriff's Dept.*, 2011-NMSC-039, ¶ 5, 265 P.3d 701. As to the first element, the court should consider the following factors in determining the closeness of the relationship:

> the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and ... whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements.

*Id*. (quoting *Lozoya v. Sanchez*, 2003-NMSC-009, ¶ 27, 66 P.3d 948). "[M]utual dependence is the key factor in determining whether the claimant shared a sufficiently close relationship with the injured party." *Id.* ¶ 11 (holding that adult siblings did not exhibit the mutual dependence required for recovery, even though brothers were roommates and shared small amount of financial responsibilities).

In this case, Defendants have shown that no material issue for trial exists. Plaintiff did not carry her burden of going beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file show that genuine issues remain for trial. Instead of relying on evidence to create a factual dispute, Plaintiff merely asserted that Mr. Tom and his family are members of the Navajo Nation and argued in the abstract that generally the Navajo people live in family groups in which all members have important duties to

one another. Plaintiff cited a case from the Navajo tribal court that explains Navajo traditional values. Plaintiff has not shown a material factual dispute exists to survive summary judgment. There is no evidence before the Court upon which it can rely to show the sufficiently close, mutually dependent relationship that must exist between Mr. Tom and his adult children to recover on a loss of consortium claim. Defendants are therefore entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment as to Loss of Consortium Claims by Sam Tom's Adult Children (**Doc. 112**) is **GRANTED** and Plaintiff's loss of consortium claims brought on behalf of Mr. Tom's adult children are **DISMISSED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE