IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

      Plaintiff,

v.                                                    No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BORS HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Bifurcate Claims Against Protective Insurance Company and Motion in Limine Prohibiting Mention of Liability Insurance During First Phase of Trial (Doc. 119), filed June 14, 2012. The Court, having considered the motions, briefs, arguments, relevant law, and otherwise being fully advised, finds that Defendants' motion is well-taken and will be **GRANTED.**

Plaintiff brings a negligence action against Defendant Samuel L. Ruff ("Ruff") and Defendant S.B., Inc. ("S.B., Inc.") after Ruff, an owner/operator of a tractor-trailer for S.B., Inc. was involved in a motor vehicle accident with Decedent Sam Tom. (Pl.'s Compl., at 3.) Plaintiff also names two insurance companies as defendants in this action: Protective Insurance Co. and Great West Casualty Company ("Insurers"). (*Id*. at 2.) Plaintiff alleges that Insurers provided liability insurance coverage to S.B., Inc., which covered the vehicle that was involved in the subject accident. (*Id*. at ¶ 6.)

1

In its motion to bifurcate insurance claims, S.B., Inc. argues that, under *Martinez v. Reid*, 970 P.3d 580 (N.M. 1998), bifurcation of Plaintiff's claims against Insurers is necessary in order to avoid prejudice and confusion. In her response brief Plaintiff expressly concedes that bifurcation is appropriate under *Martinez*. (Pl.'s Resp., at para 1.)

In *Martinez,* a negligence action arising from a motor vehicle accident, the New Mexico Supreme Court considered whether NMRA Rule 11-411[1] together with the court's previous decision in *Safeco Ins. Co. v. United States Fid & Guar. Co.*, 679 P.2d 816 (N.M. 1984) precluded disclosure of the insurance defendant to the jury and therefore required bifurcation of the proceedings, separating the tort and contract issues. *Martinez*, 970 P.3d at 1238.  Ultimately, the court created a bright-line rule that where joinder of a defendant's liability insurer is required, bifurcation is also necessary.[2]  *Id*. at 1244.  In doing so, the court reasoned that 1) there is no prejudice in requiring bifurcation; 2) the state evidentiary rules "find prejudice and confusion in revealing to the jury the presence of insurance"; and 3) there is no perceivable reason to treat a plaintiff's subrogated insurer differently than a defendant's liability insurer.  *Id*.

This Court agrees that the holding of New Mexico's Supreme Court in *Martinez* requires bifurcation of Plaintiff's negligence claims against Ruff and S.B., Inc. from any claims against Insurers.  Accordingly, any issues pertaining to Insurers and the fact that

---

[1] NMRA Rule 11-411 mirrors Federal Rule of Evidence 411.  *Compare* NMRA 11-411 *with* Fed. R. Evid. 411.

[2] Although the court described its rule as "bright-line," it also noted that where Rule 11-411 would allow disclosure of insurance to the jury, the need for bifurcation is diminished, and the trial court retains discretion not to bifurcate.  *Martinez*, 970 P.3d at 1244.

they are parties in this suit will not be revealed to the jury until after the liability of S.B., Inc. and Ruff for compensatory and punitive damages has first been determined by the jury.

Secondly, S.B., Inc. argues that the presence of liability insurance covering S.B., Inc. is neither relevant to any material issue in Plaintiff's negligence claims nor admissible under Fed. R. Evid. 411. Plaintiff did not concur to this portion of S.B., Inc.'s motion, which seeks an in limine ruling regarding the exclusion of evidence of the presence of insurance coverage. Plaintiff argues that an order in limine is premature, as it is "impossible to predict the facts and testimony that may be elicited at trial [and] [t]herefore. . . . impossible to determine in advance whether or not justification will exist for bringing up the existence of insurance." (Pl.'s Resp., at 6.)

Federal Rule of Evidence 411 provides that

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411. Plaintiff does not suggest any applicable circumstances that would warrant admission of evidence of liability insurance under Rule 411, and the Court cannot anticipate any such circumstances. Further, prejudice and confusion would likely result if the Court were to admit evidence of such a collateral issue. Accordingly, the Court grants S.B., Inc.'s motion, both as to bifurcation and as to the exclusion of evidence of S.B., Inc.'s liability insurance.

If a circumstance, albeit unforeseen, arises in which S.B., Inc.'s liability insurance coverage becomes relevant and probative for one of the reasons enumerated in Rule 411,

the Court will revisit the admissibility of such evidence *outside the presence of the jury*. However, the parties are presently prohibited from introducing argument or evidence advising the jury of S.B., Inc.'s liability insurance coverage.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Bifurcate Claims Against Protective Insurance Company and Motion in Limine Prohibiting Mention of Liability Insurance During First Phase of Trial (Doc. 119) is hereby **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE