IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

      Plaintiff,

v.   No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BROS. HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant S.B. Inc d/b/a Sherman Bros Heavy Trucking's ("S.B., Inc.") Motion in Limine to Exclude Testimony or Argument Concerning the Value of Hedonic Damages (Doc. 135). The Court, having considered the motion, briefs, evidence, arguments, and otherwise being fully advised, concludes that Defendant's motion should be granted in part and denied in part as explained herein.

**I.**   **FACTUAL BACKGROUND**

On or about March 6, 2010, at 6:53 p.m. Plaintiff's Decedent, Sam Tom, was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time, Samuel L. Ruff was driving a semi-truck allegedly owned by S.B., Inc. The tractor trailer operated by Ruff crashed into Tom's vehicle, killing Tom.

At the trial in this case, Plaintiff intends to present testimony from Mr. Tom's family members concerning the value of his enjoyment of life. Plaintiff's counsel also wishes to present dollar figures to the jury during closing argument regarding the hedonic damage claims. Plaintiff

does not, however, plan to introduce expert economic testimony regarding hedonic damages. Defendants seek to exclude any testimony or argument by counsel regarding the value of hedonic damages under Federal Rule of Evidence 403, arguing that it is unhelpful to the jury and unfairly prejudicial to Mr. Ruff.

## II.    STANDARD

Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

## III.   ANALYSIS

New Mexico permits the recovery of hedonic damages in a wrongful death case.  *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000) (quoting *Sena v. New Mexico State Police*, 119 N.M. 471, 892 P.2d 604, 611 (1995)); N.M. Uniform Civil Jury Instruction 13-1830 (allowing plaintiff in wrongful death action to recover damages for the "value of the deceased's life apart from [his] [her] earning capacity").  Hedonic damages attempts to compensate a decedent for the portion of the value of life that is not captured by measures of economic productivity.  *Smith*, 214 F.3d at 1245.  Monetizing that portion of life, however, is highly controversial.  *Id*.  Federal courts, for example, have unanimously held quantifications of hedonic damages through expert testimony inadmissible.  *Id*.  New Mexico law is clear, however, that proof of non-pecuniary damages resulting from the loss of enjoyment of life is permitted.  *Sena*, 119 N.M. at 478.  Of course, this Court must apply the substantive law of New Mexico while adhering to the Federal Rules of Evidence.  *Sims v. Great American Life Ins. Co*., 469 F.3d 870, 877 (10th Cir. 2006).

Just as an expert witness is precluded from quantifying hedonic damages, so too lay persons should be precluded from giving a dollar figure for the value of the deceased's life. Such testimony is far more prejudicial than probative and invades the province of the jury. To this extent, Defendant's motion will be granted to exclude the quantification by any witness of the value of Mr. Tom's life.

Nevertheless, subject to a proper foundation being laid at trial, Mr. Tom's family members may testify to Mr. Tom's health and habits prior to his death. *See Romero v. Byers*, 117 N.M. 422, 428 (1994) ("Just as the jury in a personal injury case must determine the monetary worth of nonpecuniary losses, so too must the jury in a wrongful death action determine fair and just compensation for the reasonably expected nonpecuniary rewards the deceased would have reaped from life as demonstrated by his or her health and habits."). Such facts particular to how Mr. Tom enjoyed life prior to his death are helpful to the jury in determining its own valuation for Mr. Tom's loss of enjoyment of life. Admission of such facts are more probative than prejudicial, and thus, admissible under Rule 403. Counsel is cautioned, however, that this ruling does not permit Plaintiff to present cumulative, repetitive evidence on the issue of hedonic damages.

As for the argument of counsel, whether to permit counsel to advance particular dollar figures is in the discretion of the trial court. *Mileski v. Long Island R. Co*., 499 F.2d 1169, 1173-74 (2d Cir. 1974). The Court will allow counsel to argue what they believe to be the dollar value of the case, but Plaintiff's counsel must first advance any such argument in its initial closing argument, not solely in the rebuttal argument, in order to allow defense counsel an opportunity to respond to any figures mentioned. Defense counsel may also request at trial a specific instruction to the jury that "dollar figures advanced by counsel do not constitute evidence but

merely represent argument which the jury is free to disregard in its deliberations." *Id.* at 1174. These procedures will mitigate any prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine to Exclude Testimony or Argument Concerning the Value of Hedonic Damages (**Doc. 135**) is **GRANTED** in part and **DENIED** in part as follows:

1. Defendant's request to exclude any testimony by a witness stating a dollar figure for the value of Mr. Tom's life apart from his earning capacity is **GRANTED**.

2. Defendant's request to exclude testimony from family members regarding facts particular to Mr. Tom about his health and habits that are relevant to how he enjoyed his life is **DENIED**, subject to the proper foundation being laid at trial.

3. Defendant's request to exclude argument by Plaintiff's counsel giving a dollar figure for the value of Mr. Tom's life apart from his earning capacity is **DENIED**, but Plaintiff's counsel must first advance any such argument in its initial closing argument, not solely in the rebuttal argument.

_____
SENIOR UNITED STATES DISTRICT JUDGE