IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

      Plaintiff,

v.                                                No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BROS. HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion in Limine (Doc. 133). Plaintiff requests exclusion of nine enumerated types of evidence. The Court, having considered the motion, briefs, evidence, arguments, and otherwise being fully advised, concludes that the motion should be granted in part and denied in part as explained herein.

### I.    FACTUAL BACKGROUND

On or about March 6, 2010, at 6:53 p.m. Plaintiff's Decedent, Sam Tom, was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time, Samuel L. Ruff was driving a semi-truck allegedly owned by S.B., Inc. The tractor trailer operated by Ruff crashed into Tom's vehicle, killing Tom.

### II.    STANDARD

Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid.

403.

## III.   ANALYSIS

Subject to Plaintiff opening the door to the evidence, Defendants do not oppose the requests made to exclude the evidence listed in Paragraphs 1, 2, 3, 4, 6, 8, and 9.  The Court will therefore grant Plaintiff's motion to exclude such evidence, unless Plaintiff opens the door at trial and makes the subject areas more probative than prejudicial.

Defendants, however, oppose Plaintiff's request in Paragraph 5 to exclude evidence that the recovery of Plaintiff is not subject to federal income taxes, arguing that such evidence is far more prejudicial than probative because a jury may make a deduction themselves if they learn Plaintiff does not pay taxes on the recovery.  Defendants argue that, in order to prevent the jury from over compensating Plaintiff, they should not be precluded from informing the jury that Plaintiff's award is not taxable income, similar to jury instructions at issue in two cases they cite in support.  *See, e.g., Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 496-98 (1980) (holding it was error to refuse similar requested instruction on tax law and noting that, "[a]lthough the law is perfectly clear, it is entirely possible that the members of the jury may assume that a plaintiff's recovery in a case of this kind will be subject to federal taxation, and that the award should be increased substantially in order to be sure that the injured party is fully compensated"). The Court will grant the motion in limine to the extent that Defendants intend to present *evidence* regarding federal income tax law.  Such evidence is more prejudicial than probative of any issue in the case and would likely only confuse a jury.  As for the separate issue of whether to *instruct* the jury as to the federal tax law, the Court will not make a decision on that issue until after the parties submit their proposed jury instructions closer to trial.

Defendants also oppose Plaintiff's request in Paragraph 7 to exclude as irrelevant any

reference to any relationship between Plaintiff's counsel and any of Plaintiff's expert witnesses, other than prior legal relationships to the extent the latter is allowed on cross-examination. Defendants argue that such evidence is relevant on cross-examination to show bias of the expert witness. At this point, the Court does not know the nature of any relationships between counsel and the experts that Plaintiff seeks to exclude. Generally, such evidence could be relevant to bias. The Court will thus deny the motion in limine at this time, and will respond to any objections to particular questions at the time of trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine (**Doc. 133**) is **GRANTED** in part and **DENIED** in part as follows:

1. The Court **GRANTS** Plaintiff's motion to exclude the evidence listed in Paragraphs 1-6, 8, and 9, subject to Plaintiff opening the door to the subject areas at trial.

2. The Court **DENIES** Plaintiff's motion to exclude the evidence listed in Paragraph 7.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3