IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

       Plaintiff,

v.                                                                                          No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BROS. HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant S.B. Inc.'s "Motion in Limine to Exclude the Court's Order of February 10, 2012 [Doc. 81]" (Doc. 130). Defendant requests exclusion of the February 10, 2012 Order along with disclosure of any of the findings contained therein. Plaintiff does not intend to introduce the Order as evidence at trial, but objects to preventing the Plaintiff from informing the jury about discovery violations. Plaintiff also asks for costs in responding to Defendant's motion because Plaintiff's are attempting to re-litigate issues the Court already decided. The Court, having considered the motion, briefs, evidence, arguments, and otherwise being fully advised, concludes that the motion should be granted in part and denied in part as explained herein. Given that the Court is granting part of Defendant's motion, Plaintiff's request for the costs incurred in responding to the motion will be denied.

I.      FACTUAL BACKGROUND

On or about March 6, 2010, Plaintiff's Decedent, Sam Tom, was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time,

Samuel L. Ruff was driving a semi-truck allegedly owned by S.B., Inc. The tractor trailer operated by Ruff crashed into Tom's vehicle, killing Tom. This suit arose from the incident.

During the course of litigation of this case, the Honorable William P. Lynch found that Defendant S.B., Inc., Defendant Ruff, and their previous defense counsel, Phillip W. Cheves, engaged in discovery abuses warranting sanctions against them. *See* Mem. Op. and Order (Doc. 81, filed Feb. 10, 2012) (hereinafter "the Order"). Among other sanctions, Judge Lynch ruled: "Should this case go to trial, Tom may inform the jury, prior to introducing Ruff's disciplinary history, the post-maintenance reports, any ECM data, or the insurance company's investigative reports, that the evidence was withheld in violation of discovery rules." *Id.* at 28. Judge Lynch also noted that the Court may instruct the jury, if it so chooses, that the jury may draw an adverse inference for evidence that a party has prevented the opposing party from discovering. *See id.* at 29 n.9.

Defendants filed a motion in limine seeking exclusion of the Order itself and of specific evidence of the discovery failures and abuses of Defendant S.B., Inc. In response, Plaintiff states she does not intend to introduce the Order at trial. Plaintiff, however, indicates that she intends to present some specific evidence of Defendant S.B., Inc.'s discovery failures. *See* Pl.'s Resp. (Doc. 191) ¶ 4 ("There are a multitude of reasons why the defendant's discovery failures should be presented to the jury."); ¶ 5 ("It would be prejudicial in the extreme for plaintiff and her experts not to be able to explain to the jury the 'how' and 'why' of changes in their testimony necessitated by defendants' original dishonesty."); ¶ 6 ("Defendant's earlier actions and dishonesty should clearly be usable for impeachment of defendant's witnesses and the defendant Ruff."); and ¶ 9 ("A comment on S.B., Inc.'s dishonesty coupled with S.B., Inc.'s failure to produce [satellite tracking data] which they admittedly had in their possession is necessary to

avoid the jury blaming plaintiff for not producing what are obviously damning records.").

## II.     STANDARD

Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

## III.    ANALYSIS

The parties are in agreement that the Order should not be admitted at trial.  The Court will therefore exclude the Order itself.  The Court, however, will allow counsel to inform the jury, or alternatively will itself instruct the jury, prior to introducing Mr. Ruff's disciplinary history, the post-maintenance reports, any ECM data, or the insurance company's investigative reports, that "Defendant S.B., Inc., withheld this evidence in violation of the discovery rules." The Court will not allow counsel to elaborate, or alternatively, will not itself elaborate into the details of the discovery abuses.

Plaintiff also argues that she must be able to explain to the jury the "how" and "why" of changes in her experts' testimony, which were necessary because of Defendants' original dishonesty.  In her response brief, Plaintiff does not expand upon any "changes" in her experts' testimony.  However, in her briefing on a separate motion in limine concerning the admissibility of trucking expert James A. Acock's testimony, Plaintiff argued that the bases for Mr. Acock's fatigue opinions were "enhanced" by discovery conducted after the February 10, 2012 order.  *See* Pl.'s Resp. to Defendant S.B., Inc.'s Motion in Limine to Exclude Certain Testimony and Opinions of Plaintiff's Expert James A. Acock Pursuant to the Federal Rules of Evidence and Daubert and Request for Evidentiary Hearing (Doc. 190), at 2.  Significantly, though, this Court

3

excluded these fatigue opinions offered by Mr. Acock in its March 22, 2013 Memorandum Opinion and Order. *See* Doc. 254. As a result, any testimony explaining "how" or "why" Mr. Acock's fatigue opinions changed, or how the bases for these opinions were enhanced, is now irrelevant and will be excluded. The Court is unaware of any additional "how" or "why" changes in expert testimony caused by previously withheld discovery. Therefore, absent a more particularized pre-trial showing of the need for such testimony, the Court will not allow counsel to present specific evidence of Defendants' dishonesty through any expert witness.

In addition, Plaintiff seeks to introduce evidence that Defendant S.B., Inc., had satellite tracking data available, printed out a report showing Defendant Ruff's hour-by-hour location, but has failed to produce that printed out data with no explanation for why the data is not available. During depositions, Mr. Gene Hullette, Fleet and Safety Training Manager for SB, Inc., testified that he had personally seen satellite tracking data for the trip leading up to the crash and that the data confirmed his suspicions of inconsistencies against Mr. Ruff's written log. *See* Order (Doc. 81) at 6-7, 23. This evidence is relevant to issues of liability at trial, particularly as to how long Mr. Ruff had driven before the accident, and thus, Plaintiff may further inquire as to what happened to the satellite tracking data and why it is not available for production at trial. The particular discovery abuses set forth in the Court's Order, however, such as what Defendants stated in their initial and supplemental interrogatories in response to the question of whether the truck contained satellite tracking equipment, are more prejudicial than probative, as the evidence will likely confuse the issues for the jury.

Finally, Plaintiff wishes to impeach the testimony of Defendant's witnesses, including Defendant Ruff, by providing evidence of Defendant's earlier dishonesty. Mr. Ruff has falsely responded to certain questions regarding his itinerary on the day of the accident and his past

driving citations.  *See* Order (Doc. 81) at 26.  To the extent Mr. Ruff or another witness testifies differently to relevant facts at trial than he has under oath during discovery, Plaintiff may impeach him with prior inconsistent statements.  *See*, *e.g.,* Fed. R. Evid. 613.  Defendants appear to acknowledge this latter point.

Inquiry into the specifics of other earlier discovery abuses and the Court's specific sanctions will likely confuse the jury.  For example, getting into what and when was disclosed in the initial interrogatory versus a supplemental interrogatory will confuse the jury and distract from the central issues in the case.  As Judge Lynch noted in his Order, the Court itself expended more than a month "making sense of the allegations, conducting research, and making factual findings" on the discovery abuses.  Order (Doc. 81) at 27.  The jury should not have to weigh the ins and outs of the discovery abuses, in addition to the more relevant evidence at trial.  The Court will therefore grant Defendant's motion to the extent Plaintiff seeks to inquire into the specific discovery abuses and the Court's sanctions, other than the few exceptions noted above.

**IT IS THEREFORE ORDERED** that Defendant S.B. Inc.'s "Motion in Limine to Exclude the Court's Order of February 10, 2012 [Doc. 81]" (**Doc. 130**) is **GRANTED** in part and **DENIED** in part as follows:

1. The motion is **GRANTED** to the extent it seeks to exclude the February 10, 2012 Order.

2. The motion is **DENIED** to the extent it seeks to prevent Plaintiff's counsel or the Court from informing the jury, prior to introducing Mr. Ruff's disciplinary history, the post-maintenance reports, any ECM data, or the insurance company's investigative reports, that "Defendant S.B., Inc., withheld this evidence in violation of the discovery rules."

3. Absent a more particularized pre-trial showing by Plaintiff, Defendants' request to exclude any expert witness from presenting specific evidence of Defendants' discovery abuses is **GRANTED**.

4. To the extent Defendant seeks to exclude Plaintiff's counsel from inquiring of relevant witnesses as to what happened to the satellite tracking data and why it is not available for production at trial, Defendant's request is **DENIED**.

5. To the extent Defendants seeks to prevent Plaintiff's counsel from impeaching Defendant Ruff or other witnesses with prior inconsistent statements made during discovery, subject to the requirements of Federal Rule of Evidence 613, Defendant's request is **DENIED**.

6. Defendant's request to exclude evidence of specific discovery abuses and the Court's sanctions, not otherwise ruled upon herein, is **GRANTED**.

7. Plaintiff's request for the imposition against Defendant of the costs incurred in responding to the motion is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE