IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

        Plaintiff,

v.                                                  No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BORS HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on S.B. Inc. d/b/a Sherman Bros Heavy Trucking's Motion for Partial Summary Judgment on Plaintiff's Claims for Pre-Accident Fright (Doc. 113), filed June 8, 2012. The Court, having considered the briefs submitted by the parties, the applicable law, and otherwise being fully advised, treats S.B., Inc.'s motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and **grants** the motion, dismissing Plaintiff's claim for damages for pre-accident fright.

## I. INTRODUCTION

On or about March 6, 2010, at 6:53 p.m., Plaintiff's Decedent, Sam Tom, was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time, Samuel L. Ruff was driving a semi-truck, which was allegedly owned by S.B., Inc., south on Highway 491. The semi-truck operated by Ruff crashed

1

into Tom's vehicle, killing Tom.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint for Wrongful Death and to Recover Damages for Personal Injury ("Pl.'s Comp.") seeks damages for the "intense fear" that Decedent Sam Tom ("Tom") endured just prior to his death. (Pl.'s Compl. ¶ 32(a).) Plaintiff alleges that Tom's estate is "entitled to recover general compensatory damages for this intense fear." (*Id*.)

## III. STANDARD

S.B., Inc.'s motion is captioned as one for summary judgment. Plaintiff argues, however, that the motion is more properly framed as a motion under Federal Rule of Civil Procedure 12(b)(6), as the essence of S.B., Inc.'s argument is that Plaintiff's pre-impact fright claim fails to state a claim upon which relief may be granted. The Court notes that the "undisputed material facts" provided by S.B., Inc. in support of its motion are merely recitations of assertions in Plaintiff's Complaint, and "matters outside of the pleadings" have not been submitted by either party. (*See* Pl.'s Compl., at 3.) S.B., Inc. does not respond to Plaintiff's argument concerning the proper standard for evaluating the subject motion.

Although the defense of failure to state a claim may be asserted by a defendant at any time, even at trial, *see* Fed. R. Civ. P. 12(h)(2), motions to dismiss under Rule 12(b)(6) must ordinarily be filed before a responsive pleading is served, *see* Fed. R. Civ. P. 12(b). Once the pleadings are closed, as here, the defense of failure to state a claim may be pressed on a motion under Federal Rule of Civil Procedure 12(c) for judgment on

the pleadings. *See* Fed. R. Civ. P. 12(h)(2) (stating that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted . . . or by motion for judgment on the pleadings, or at the trial on the merits."); *see also McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, at 125-26 (2d Cir. 2001). Accordingly, the Court treats S.B., Inc.'s motion as a motion for judgment on the pleadings.

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G.&Y.*, 971 F.2d 522, 528 (10th Cir. 1992). Thus, a court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in the plaintiff's favor. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must contain enough facts to support a claim for relief that is plausible on its face. *Id*. at 570.

**IV. ANALYSIS**

In her Complaint, Plaintiff seeks damages under the New Mexico Wrongful Death Act, N.M. Stat. Ann. § 41-2-3 *et seq.*, for the "intense fear" that Decedent Sam Tom ("Tom") experienced immediately prior to his death. (Pl.'s Compl., at ¶ 32(a).) The Wrongful Death Act provides that

> Every action mentioned in Section 41-2-1 NMSA 1978 shall be brought by and in the name of the personal representative of the deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they deem fair and just, taking into consideration the pecuniary injury resulting from the death to the surviving party entitled to the judgment, or any interest in the judgment, recovered in such action and also having regard to the mitigating or aggravating circumstances attending the wrongful

act, neglect or default.

N.M. Stat. Ann. § 41-2-3.

In *Stang v. Hertz*, 467 P.2d 14 (N.M. 1970), the New Mexico Supreme Court considered the language of the Wrongful Death Act and concluded that "[t]he statutory language, while it does not say so specifically, nevertheless authorizes recovery for pain and suffering, and for medical and related care, *between the time of injury and death*." *Id*. at 17 (emphasis added). S.B., Inc. maintains, however, that recovery for pain and suffering under the Act does not extend to "imminent fear of death" or "pre-impact fright." (S.B., Inc.'s Motion for Partial Summary Judgment on Plaintiff's Claim for Pre-Accident Fright ("Pre-Impact Fright Motion"), at 1.)

New Mexico Uniform Jury Instruction 13-1830 follows the court's holding in *Stang*, providing that a plaintiff in an action under the Wrongful Death Act may receive damages for "[t]he pain and suffering experienced by the deceased *between the time of injury and death*." UJI 13-1830 (emphasis added). Notably, neither the language of this jury instruction, nor the Wrongful Death Act itself, explicitly allows recovery for fear or suffering experienced by a decedent *before* their injury.

A number of other jurisdictions have allowed recovery of damages for pre-impact fright, though some have required manifestation of physical symptoms. *See, e.g.*, *Haley v. Pan American World Airways, Inc.*, 746 F.2d 311, 315 (5th Cir. 1984); *Furumizo v. United States*, 245 F. Supp. 981 (D. Ha. 1965), *aff'd*, 381 F.2d 965 (9th Cir. 1967); *Green v. Hale*, 590 S.W. 2d 231 (Tex. Civ. App. 1979); *Monk v. Dial*, 441 S.E. 2d 857 (Ga. Ct. App. 1994); *Shu-Tao Lin v. McDonnell Douglas Corp.*, 574 F. Supp. 1407 (S.D.N.Y.

1983), *aff'd in part and rev'd in part*, 742 F.2d 45 (2d Cir. 1984).   Others, including the District of New Mexico, have denied recovery for pre-impact fright altogether.   *See, e.g., Fogarty v. Campbell 66 Express, Inc.*, 640 F. Supp. 953 (D. Kan. 1986); *In re Air Crash Disaster Near Chicago, Ill.*, 507 F. Supp. 21 (N.D. Ill. 1980); *Nye v. Commonwealth*, 480 A.2d 318 (Pa. Super. Ct. 1984); *BNSF Railway Co. v. Lafarge*, 06cv1076 MCA/LFG (Doc. 624) (D.N.M. Jan. 8, 2009); *Beller v. United States*, 02cv1368 WJ/LFG (Doc. 476) (D.N.M. April 20, 2004).

New Mexico state courts have not squarely addressed the issue of whether the state's Wrongful Death Act permits recovery for pre-impact fright.   Generally, when the New Mexico Supreme Court has not addressed an issue of substantive law, federal courts exercising diversity jurisdiction must anticipate how the court would rule on that issue. *Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp.*, 959 F.2d 868, 871 (10th Cir. 1992). Plaintiff argues that "[g]iven the propensity of the New Mexico Supreme Court's to adopt minority positions on legal issues, and given the propensity of the Supreme Court's to expand, rather than limit recovery where the facts of the case warrant, it is reasonable to anticipate that the [court] would [ ] find that [the Act] permits such recovery."   (Pl.'s Resp., at 3-4.)

To the contrary, a survey of New Mexico cases addressing pain and suffering damages under the Wrongful Death Act suggests that recovery is only available for a decedent's pain and suffering "between the time of injury and death."   *See, e.g., Stang*, 467 P.2d at 17; *Kilkenny v. Kenney*, 361 P.2d 149, 142 (N.M. 1961); *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002).   Accordingly, the relevant period for

purposes of measuring compensation for pain and suffering commences at the time of injury, which for Decedent Tom was at the time that Ruff's vehicle collided with his.

In conclusion, given the language of the Wrongful Death Act and Uniform Jury Instruction 13-1830(2), and considering New Mexico case law discussing recovery of pain and suffering damages in wrongful death actions, the Court declines to expand Plaintiff's available recovery to include damages for Tom's pre-impact fright. *See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1280 (10th Cir. 2000) (quoting *Taylor v. Phelan*, 9 F.3d 882, 887 (10th Cir. 1993) ("As a federal court, we are generally reticent to expand state law without clear guidance from its highest court.")). As such, Plaintiff's claim for damages for Tom's pre-impact fright is not cognizable under current New Mexico law and should be dismissed under Federal Rule of Civil Procedure 12(c).

**IT IS THEREFORE ORDERED** that Defendant S.B. Inc. d/b/a Sherman Bros Heavy Trucking's Motion for Partial Summary Judgment on Plaintiff's Claims for Pre-Accident Fright (Doc. 113), which the Court has treated as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), is hereby **GRANTED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE