**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

        Plaintiff,

v.                                                            No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BORS HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiff's Motion in Limine

Regarding Defendant S.B., Inc.'s Log Auditing Practices (Doc. 132), filed June 26, 2012.

The Court, having considered the briefs submitted by the parties, the applicable law, and

otherwise being fully advised, finds that the motion is **well taken** and will be **granted**.

## I.  INTRODUCTION

      On or about March 6, 2010, at 6:53 p.m., Plaintiff's Decedent, Sam Tom, was

turning left into the northbound lanes and across the southbound lanes of U.S. Highway

491.   At the same time, Samuel L. Ruff was driving a semi-truck, which was allegedly

owned by S.B., Inc., south on Highway 491.   The semi-truck operated by Ruff crashed

into Tom's vehicle, killing Tom.

## II.  ANALYSIS

1

Plaintiff moves the Court for an order *in limine*, under Federal Rule of Evidence 407, prohibiting Defendants from presenting evidence about or discussing changes or improvements that S.B., Inc. made to its log auditing practices after the subject March 6, 2010 accident.   Federal Rule of Evidence 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:   negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."   Fed. R. Evid. 407. On the other hand, Rule 407 also provides that "a court *may* admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures."   *Id.* (emphasis added).

Although Plaintiff notes that Rule 407 is typically applied to exclude evidence introduced by a plaintiff, she argues that here it should be applied to exclude evidence offered by Defendants.   Plaintiff explains that she seeks the exclusion of evidence of S.B., Inc.'s post-accident improvements to its log auditing practices out of concern that S.B., Inc. may present such evidence "in an attempt to appear more safety conscious," thereby mitigating its liability for punitive damages.   Alternatively, Plaintiff asks the Court to exclude the same evidence under Rule 403, arguing that the probative value of S.B., Inc.'s remedial measures to its log auditing practices is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

In its response brief, S.B., Inc. indicates that it does not oppose the exclusion of evidence of the subsequent measures taken to improve its log auditing system, particularly if offered to show that S.B., Inc. was negligent or culpable.   Significantly,

however, S.B., Inc. qualifies this concession, arguing that Plaintiff cannot seek exclusion of evidence of subsequent remedial measures to the log auditing system while at the same time presenting evidence and argument that S.B., Inc. failed to implement an adequate log auditing system before the subject accident.    Basically, S.B., Inc. agrees that evidence of improvements to its log auditing system should be excluded under Rule 407, but only on condition that the Court also exclude evidence and argument about log auditing practices that S.B., Inc. should or could have implemented before the subject accident.    Conversely, S.B., Inc. suggests that if Plaintiff is permitted to make arguments and present evidence about the inadequacy of S.B., Inc.'s pre-accident log auditing system, S.B., Inc. should be permitted to introduce evidence that it implemented a new log auditing system after the accident.

The admissibility of the subsequent remedial measures evidence at issue here turns on the purpose for which it is offered.    *See* Fed. R. Evid. 407.    In accordance with Rule 407, any evidence of improvements or changes made to S.B., Inc.'s log auditing system offered *as proof of negligence or culpable conduct* should be excluded.    *See id.* The Court acknowledges, however, that there are certain other purposes for which evidence of subsequent remedial measures may be admissible, including for impeachment or feasibility of precautionary measures.    *See id*.    Yet none of the parties here seek admission of the evidence for any purpose outlined in Rule 407.    For example, Plaintiff, who would be the party tasked with establishing the feasibility of a particular log-auditing practice, is requesting *exclusion* of the subsequent remedial measures rather than admission.    When offered by S.B., Inc. to mitigate punitive damages, or as Plaintiff

3

puts it, to "appear more safety conscious," Rule 407 neither requires exclusion nor counsels admission of the subsequent remedial measures evidence.   *See* Fed. R. Evid. 407.

Nevertheless, evidence of subsequent remedial measures that is not barred by Rule 407 may still be subject to exclusion under Rule 403.   Federal Rule of Evidence 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence.   Fed. R. Evid. 403.

Here, S.B., Inc. suggests that it may wish to introduce evidence of post-accident improvements to its log auditing system, if necessary, to counter evidence or argument by Plaintiff about log auditing practices that S.B., Inc. could or should have implemented before the subject accident.   To the extent that S.B., Inc. requests exclusion of these arguments or evidence by Plaintiff in its response brief, the request is denied. Moreover, S.B., Inc. does not adequately articulate how post-accident improvements to its log auditing system would somehow become probative of issues in this case if Plaintiff advances arguments or presents evidence that its pre-accident system was inadequate.

In the Court's view, only the log auditing practices used by S.B., Inc. *before* or *at the time of* the subject accident have any significant probative value.   Further, allowing admission of evidence about S.B., Inc.'s post-accident log auditing practices would have a high likelihood of confusing the jury or becoming a waste of time.   For

4

example, a jury might have difficulty distinguishing S.B., Inc.'s pre-accident log auditing practices from those used after the accident and then considering the proper practices for the proper claims.   Consequently, under Rule 403, the Court will exclude evidence of subsequent remedial measures taken to improve S.B., Inc.'s log auditing system when offered by S.B., Inc. for the purpose of mitigating punitive damages.

## III.   CONCLUSION

For all of these reasons, the Court finds that evidence of subsequent remedial measures taken by S.B., Inc. after the subject accident to improve its log auditing system will be excluded.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine Regarding Defendant S.B., Inc.'s Log Auditing Practices (Doc. 132) is **GRANTED**.


_____
SENIOR UNITED STATES DISTRICT JUDGE