IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

       Plaintiff,

v.                                             No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BROS. HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant S.B. Inc d/b/a Sherman Bros Heavy Trucking's ("S.B. Inc.") Omnibus Motion in Limine and Memorandum Brief in Support Thereof (Doc. 129). The Court, having considered the motion, briefs, evidence, arguments, and otherwise being fully advised, concludes that Defendant's motion should be granted in part and denied in part as explained herein.

**I.    FACTUAL BACKGROUND**

On or about March 6, 2010, at 6:53 p.m. Plaintiff's Decedent, Sam Tom, was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time, Samuel L. Ruff was driving a semi-truck allegedly owned by S.B., Inc. The tractor trailer operated by Ruff crashed into Tom's vehicle, killing Tom.

**II.    STANDARD**

Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the

jury, undue delay, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

## III.   ANALYSIS

Defendant seeks the exclusion of 29 enumerated categories of evidence, many of which are so general as to merit minimal discussion. The Court finds that Defendant's requests to exclude the evidence or statements described in ¶¶ 6, 7, 8, 11, 15, 21, 22, 24, and 25 are overly broad and lack the specificity necessary to decide the admissibility of particular evidence or statements and will thus be denied at this time. The Court will adhere to its duty to follow the Federal Rules of Evidence when objections to specific evidence or statements by counsel are made at trial. As for the requests in ¶¶ 17, 18, and 28, the Court will deny these requests to limit the way counsel describes the parties and events because they are not so inflammatory or unduly prejudicial as to warrant exclusion. The Court denies as moot the requests to exclude reference to the size of the Rodey Law Firm in ¶ 4 and to fees deducted in ¶ 14, as Plaintiff does not intend to introduce any such evidence. The Court will address more specifically the remaining enumerated requests below.

**1.     Reference or Suggestion to S.B. Inc.'s Net Worth, as well as any Information about its Size, Number of Employees, Number of Tractor Trailers, or Evidence of Executive Compensation, or other Information about S.B. Inc. Not Directly Related to this Case**

Plaintiff contends that the information concerning the size of the company is relevant to Plaintiff's claims for negligent hiring, training, retention, and supervision. The Court agrees and will not exclude such information at this time. Plaintiff also argues that information concerning net worth and executive compensation is admissible as to her punitive damages claims. In New Mexico, evidence of a defendant's worth is properly considered when assessing punitive damages. *Aragon v. General Elec. Credit Corp.*, 557 P.2d 572, 575 (Ct. App. 1976). This Court

has already ruled that the trial will be bifurcated for a separate determination by the jury on punitive damages, and thus, any prejudice from introduction of this evidence will be lessened. The Court will therefore not exclude this evidence.

   **2.   Insurance**

The Court has already ruled on this issue and refers the parties to its Memorandum Opinion and Order (Doc. 251).

   **3.   Financial Status of S.B. Inc.**

The Court denies this general request to exclude the financial capacity of Defendant S.B., Inc., for the same reasons described infra that this evidence may be relevant to the issue of punitive damages.

   **5.   Settlement Negotiations**

Plaintiff states that she should be permitted, without mentioning settlement offers specifically, to discuss Defendant S.B. Inc.'s actions that have forced this case to trial. The Court agrees that any such argument regarding litigation practices that have forced this case to trial should be excluded under Rule 403, subject to the exceptions discussed in this Court's Memorandum Opinion and Order (Doc. 256).

   **9.   S.B. Inc.'s Motions and Orders in Limine and Objections at Trial**

Defendant seeks to exclude "suggestion that S.B. Inc. filed this or any other Motion *in Limine* or *Daubert* Motion or to S.B. Inc.'s objections at trial or that the Court ruled in response." The Court generally agrees that the parties should not state in front of the jury that prior motions in limine have been filed and ruled upon. However, some of the objections at trial, and the Court's rulings thereon, may end up being made or referred to in front of the jury, as the Court generally prefers limiting the use of bench conferences. The Court will therefore grant this

request to the limited extent that the parties should not refer to which party filed any particular motion in limine. In all other respects, the request is denied.

### 10. Discovery Disputes

Defendant seeks the exclusion of reference to discovery issues between the parties, an issue more thoroughly raised and argued in Defendant's Motion in Limine to Exclude Order Entered on February 10, 2012 (Doc. 130). In a previously filed Memorandum Opinion and Order (Doc. 256) granting in part and denying in part the Defendant's motion, the Court has addressed what discovery matters are relevant and how they may be referred to during trial. The Court therefore incorporates those rulings herein.

### 12. Dollar Amounts of Damages

Defendant seeks to exclude mention in voir dire of a specific dollar amount of the value of the case. The Court finds this request premature and will thus deny it at this time. After the parties submit their voir dire questions, the parties have an opportunity to state any objections, and thus the Court may re-consider this issue at the pretrial conference if it is not moot. To the extent this request also seeks exclusion of trial testimony or argument of counsel regarding specific dollar figures, the Court incorporates its rulings set forth in its previously filed Memorandum Opinion and Order (Doc. 252).

### 13. Financial Disparity

The Court denies Defendant's request to limit evidence or argument regarding Plaintiff's financial means or the financial disparity between the parties. This request is overly broad and may encompass evidence that is relevant to material issues in dispute, particularly damages. The Court can address particular objections at trial to any inflammatory, unduly prejudicial, or irrelevant questions or comments.

**16.    Juror's Relationship to Insurers**

Defendant seeks to prevent Plaintiff from questioning the voir dire panel whether an immediate member or close friend has been employed by or has a relationship with an insurance company. Although premature, the Court will nonetheless grant this request. The Court has already bifurcated the insurance company from the first phase of the trial and there is no reason to address insurance issues at voir dire or trial.

**19.    Site Visits**

Defendant seeks to instruct counsel and witnesses not to suggest jurors visit the site of the accident. The Court denies this request as premature and otherwise covered by the Court's general instructions to the jury.

**20.    Any Suggestions of Other S.B. Inc. Lawsuits**

Defendant generally seeks exclusion of any suggestion of other lawsuits involving S.B. Inc. or other trucking companies. This request is overly broad, as past lawsuits could potentially be relevant to the issue of punitive damages. Without more foundation and more specific evidence, the Court is unable to assess the admissibility of prior lawsuits and will deny the request at this time.

**23.    Suggestion of Prior Accidents**

Defendant argues that the Court should exclude any suggestion of prior accidents involving S.B. Inc. and/or Sam Ruff. This request appears to largely duplicate the issues raised in Defendant's Motion in Limine to Exclude Previous Incidents Contained on the Driver's Safety Jacket (Doc. 126). The Court will address this issue when ruling on that motion. As to any other accidents not referenced in the aforementioned motion, the Court does not have sufficient information to make a ruling at this time and will deny the request. Defendant may address the

admissibility of any other specific accidents at the pretrial conference.

**26.     Photographs or Videos that Depict Mr. Tom Immediately after the Accident, including O.M.I. Photographs, and Photographs that Depict Mr. Tom in a "Family Setting"**

This request to exclude is premature. The Court will need to review the exhibit lists and the photographs themselves prior to making a Rule 403 assessment. The Court's pretrial notice will set forth the times for filing exhibit lists, witness lists, the exhibits, as well as objections to the opposing parties' submissions. The Court will thus reserve ruling on the admissibility of the photographs until the pretrial conference.

**27.     The October 6, 2011 E-Mail**

Defendant seeks to exclude reference to the October 5, 2011 e-mail sent by Jeff Gunnarson to other S.B. Inc. employees. The email was sent well after the accident at issue here and pertained to whether S.B. Inc. should hire drivers on a "last-chance agreement":

> Because this is a legal issue. We would get crucified in court if we hired someone on a last chance agreement and they go out and hurt somebody. Clearly we knew this person had issues and we chose to hire them anyway. We also need to be better about getting rid of our own drivers who are on a last chance and have another infraction. Keeping these drivers around is going to come back and bite us one of these days. It might have already with the Sam Ruff case.

Def.'s Mot., Ex. A (Doc. 129-1). Plaintiff contends this email is relevant because it discusses the implementation of safety policies that S.B. Inc. failed to follow that would have prevented Mr. Tom's death; it is an admission of S.B. Inc. of its failure to follow company policies regarding last chance agreements for Mr. Ruff and other employees; and it shows the mental culpability of S.B. Inc. regarding punitive damages. The Court agrees that this post-accident email should be excluded under Rule 403 because the email is not directly relevant to the accident at issue and may confuse the issues. To the extent the email discusses the need to fire "last chance" drivers who commit another infraction in order to avoid litigation like this Ruff case, the statements

6

implicate Federal Rule of Evidence 407 and should be excluded as evidence of subsequent remedial measures.

### 29.     S.B. Inc.'s "Corporate Culture" regarding Safety

Defendant requests exclusion of the corporate culture of S.B. Inc.  This request is overly broad, as some potential evidence of corporate culture could be relevant to the negligent hiring, training, retention, and supervision claims, as well as for punitive damages.  The Court will therefore deny the request at this time, subject to a more specific evidentiary objection at trial.

**IT IS THEREFORE ORDERED** that Defendant S.B. Inc d/b/a Sherman Bros Heavy Trucking's Omnibus Motion in Limine and Memorandum Brief in Support Thereof (**Doc. 129**) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

_____
SENIOR UNITED STATES DISTRICT JUDGE