IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

      Plaintiff,

v.                                        No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BORS HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant S.B. Inc d/b/a Sherman Bros Heavy Trucking's ("S.B., Inc.") Motion in Limine to Exclude Evidence or References to Alleged Prior Log Falsifications by Mr. Ruff (Doc. 134). The Court, having considered the motion, briefs, evidence, relevant law, and otherwise being fully advised, finds that the motion should be denied.

**I.  FACTUAL BACKGROUND**

The facts relevant to this motion are set forth more fully in the Court's Memorandum Opinion and Order (Doc. 245), filed on March 6, 2013, which the Court incorporates by reference. The following facts, however, are most relevant to this motion and will be repeated.

It is undisputed that Mr. Ruff falsified his log books for March 5-6, 2010. With the exception of the subject trip on March 5-6, 2010, however, there is no direct evidence that Mr. Ruff had previously falsified his log books during the time that he drove for S.B., Inc. Nor is there evidence that Mr. Ruff had ever received a citation from the Department of Transportation

for log book falsification. From 2006-2010, however, Mr. Ruff's "Safety Jacket" included over 60 points that were assigned under S.B., Inc.'s point system, which included approximately 23 hours-of-service violations.

Despite these hours-of-service violations, no one at S.B., Inc., ever compared satellite tracking data or dispatch records with Mr. Ruff's logs to screen for log falsifications prior to the subject accident. Indeed, during the three years that Mr. Ruff's driver manager worked at S.B., Inc., before the accident, she never compared satellite information with logbook entries and she did not know of anyone assigned to make such a comparison. Likewise, no one at S.B., Inc., compared Ruff's fuel purchase records with his logs before the subject accident. Although it was possible for S.B., Inc., to compare satellite tracking data and/or fuel purchase information with drivers' logs to screen for log book falsifications, it was not done as a routine procedure, rather only if an accident occurred.

## II.   STANDARD

Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Rule 404(b) provides in relevant part:

(1) **Prohibited Uses.**  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) **Permitted Uses** . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

Fed. R. Evid. 404(b).

### III.    ANALYSIS

Defendant seeks to exclude references to falsification of logs that are not supported by the record.  In other words, Defendant wants to prevent Plaintiff's counsel from questioning any witnesses in such a way that may suggest or infer that Mr. Ruff had previously falsified driver logs.  Defendant offers as an example of improper questions:  "If Mr. Ruff had falsified logs multiple times before the trip involved in this crash, he should have been terminated much earlier.  True?" and "If Mr. Ruff falsified logs before the trip involved in this crash, that falsification would have been a federal felony.  True?"

Plaintiff argues that these questions and the subsequent answers are relevant to material fact issues at trial.  Indeed, the Complaint alleges that S.B., Inc., is liable for its own negligence in the events leading up to the collision, including its failure to prevent Mr. Ruff from driving given its knowledge of his hours-of-service violations, his record of other incidents, and the number of points on his record; its failure to audit log books for falsification; and its post-incident investigations.  The Complaint also asserts that the allegations support a punitive damages award against S.B., Inc.

This Court has previously concluded:

> S.B., Inc. readily admits that it did not routinely perform audits to determine if drivers had falsified their logbooks unless an accident occurred.  The Court agrees with Plaintiff that this type of audit program essentially invites falsification of logs.  S.B., Inc.'s failure to meaningfully audit or monitor for falsified logs or corresponding hours-of-service violations leads to a reasonable inference that S.B., Inc. was operating its trucking company in conscious indifference to its regulatory duties regarding driver hours of service.
>
> …
>
> Finally, evidence suggests that S.B., Inc. did not audit drivers' log books, cross-referencing other data, to screen for falsifications unless an accident occurred.  Accordingly, the Court determines that a reasonable jury could conclude that such conduct by S.B., Inc. justifies the imposition of punitive

damages under a direct liability theory.

Mem. Op. and Order (Doc. 245) at 16-18.

For the foregoing reasons, the questions Defendant seeks to exclude are highly relevant to the case. Defense counsel will have an opportunity on cross-examination or re-direct examination to allow a witness to clarify that there is no direct evidence that Mr. Ruff had previously falsified log books, eliminating any undue prejudice or confusion. Here, no audit was done on Mr. Ruff's past driving record, so it is unknown whether he previously falsified log books. It is not a situation where it is known that he never falsified books in the past. The jury is permitted to make inferences regarding S.B., Inc.'s policies and procedures and its alleged failures to perform meaningful audits of its drivers.

**IT IS THEREFORE ORDERED** that Defendant S.B. Inc d/b/a Sherman Bros Heavy Trucking's Motion in Limine to Exclude Evidence or References to Alleged Prior Log Falsifications by Mr. Ruff (Doc. 134) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE