**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ELSIE TOM, as personal representative
of the Estate of SAM TOM,

       Plaintiff,

v.                                                                               No. Civ. 10-1257 LH/WPL

S.B. INC., an Oregon corporation, d/b/a
SHERMAN BORS HEAVY TRUCKING;
SAMUEL L. RUFF; GREAT WEST
CASUALTY COMPANY, a Nebraska corporation;
and PROTECTIVE INSURANCE COMPANY,
an Indiana corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Defendant Samuel L. Ruff's Motion in Limine to Exclude Previous Incidents Contained on the Driver's Safety Jacket (Doc. 126), filed June 22, 2012. The Court, having considered the briefs submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motion is **not well-taken** and will be **denied.**

**I. INTRODUCTION**

       On or about March 6, 2010, at 6:53 p.m., Plaintiff's Decedent, Sam Tom ("Tom"), was turning left into the northbound lanes and across the southbound lanes of U.S. Highway 491. At the same time, Samuel L. Ruff ("Ruff") was driving a semi-truck, which was allegedly owned by S.B., Inc., south on Highway 491. The

semi-truck operated by Ruff crashed into Tom's vehicle, killing Tom.

## II. FACTUAL BACKGROUND

Ruff indicates in his motion in limine that his driver's safety jacket contains "prior incidents, which include "fender benders, contact with a light pole while maneuvering within a customer's small yard, and product damaged by moisture." Having reviewed the driver's safety jacket, along with explanatory information provided by S.B., Inc. in interrogatory responses, the Court finds that the driver's safety jacket includes significantly more information than the sampling of "prior incidents" discussed by Ruff.   Indeed Ruff's driver's safety jacket includes:   eight entries for "Accidents & Incidents" with eight "points" assigned under S.B., Inc.'s point system; six entries for "Violations" with zero "points" assigned under S.B., Inc.'s point system; fifteen entries for "On Road Inspections," one entry for an "Observation Report[]"; two entries for "Awards and Training" with a total deduction of four "points" under S.B., Inc.'s point system; and twenty-five entries for hours of service violations and missing log book pages with 64 "points" assigned under S.B., Inc.'s point system.   (*See* Pl.'s Resp. to Ruff's Mtn. in Limine, at Ex. 1); (Ruff's Mtn. in Limine, at Ex. 1.).

According to S.B., Inc.'s interrogatory responses, the eight entries for "Accidents & Incident" in Ruff's driver's safety jacket resulted from the following accidents and incidents:   1) a 2006 preventable accident where Ruff rear-ended a car, which in turn rear-ended another car; 2) a 2006 accident where Ruff hit a light pole in a customer yard; 3) a 2006 delivery shortage reported as a paperwork error; 4) a 2007 accident where Ruff stopped at a stop light and rolled back into another vehicle; 5) a 2007 accident where

another party struck the rear of Ruff's trailer; 6) a 2009 accident where Ruff, trying to merge into another lane, sideswiped a vehicle already in that lane; 7) a 2010 report of moisture on Ruff's delivery; and 8) the March 6, 2010 accident that is the subject of this suit.  (*See* Pl.'s Resp. to Ruff's Mtn. in Limine, at Ex. 1); (Ruff's Mtn in Limine, at Ex. 1.)  Moreover, the "Violations" portion of Ruff's safety jacket includes entries for: "Over Length," "Seat Belt Violation," "Fix-It Driver pay," "Improper/Erratic lane chg," "Failure obey trafc device," and "Minor 2." (*See* Pl.'s Resp. to Ruff's Mtn. in Limine, at Ex. 1.)  Monetary citation penalties are provided for each of these violations, with the exception of the "Over Length" violation.  (*See id.*)

## III.  ANALYSIS

As a preliminary matter, Plaintiff indicates in her response brief that she "only plans to introduc[e] Ruff's driving record for the limited period of time three (3) years prior to the accident."  (Pl.'s Resp., at 3.)  Accordingly, the first three entries, each from 2006, for "Accidents & Incidents" in Ruff's safety jacket -- where Ruff rear-ended another car, hit a light pole, and had a delivery shortage -- will be excluded.  Likewise, Ruff's "Over Length" violation and the first hours-of-service violation that is included in his safety jacket, both of which occurred in 2006, will also be excluded.  If Plaintiff seeks admission of Ruff's driver's safety record, she shall redact these 2006 entries for accidents, incidents, and violations.

In addition to the exclusion of the 2006 entries, Defendant Ruff seeks an *in limine* exclusion of his driver's safety jacket in its entirety under Federal Rules of Evidence 402, 404(b), and 403.

### A. Rule 402

First, Ruff contends that the information contained in his driver's safety jacket is not relevant evidence. Federal Rule of Evidence 402 requires that evidence be relevant in order to be admissible. Fed. R. Evid. 402. Relevant evidence, in turn, is defined by the Federal Rules of Evidence as any evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Fed. R. Evid. 401. Ruff maintains that evidence of the "prior incidents" contained in his driver's safety jacket are not relevant to any material issue in this case, as they are remote in time and involve different parties, circumstances, and conditions. Ruff notes that none of the incidents documented in his driver's safety jacket involve T-Bone type accidents resulting in severe injury or death, like the one at issue here. Ruff's concern over the remoteness of certain of the "prior incidents" is addressed to some extent by the exclusion herein of entries from more than three years before the subject accident. *See supra* Part III. As a result, the most remote incidents, those occurring in 2006, will not be presented to the jury.

As for the remaining entries in Ruff's driver's safety jacket, Plaintiff maintains that they are relevant to her claims against S.B., Inc., both for negligent retention, training, and supervision and for direct negligence in permitting Ruff to violate Federal Motor Carrier Safety Regulations. Additionally, Plaintiff maintains that the evidence is relevant to her punitive damages claim against S.B., Inc. The Court agrees.

A negligent retention claim, for instance, is based upon an employer's negligent acts or omissions in retaining an employee when the employer knows, or should have

4

known through the exercise of reasonable care, that the employee is incompetent or unfit. *Lessard v. Coronado Paint & Decorating Ctr.*, 168 P.3d 155 (N.M. Ct. App. 2007).

Here, the contents of Ruff's safety jacket, particularly his hours-of-service violations and previous accidents, are of consequence in determining what S.B., Inc. knew or should have known regarding Ruff's fitness as a truck driver prior to the March 6, 2010 accident.   Likewise, evidence of Ruff's previous hours-of-service violations is relevant, indeed central, to Plaintiff's direct negligence claim against S.B., Inc. for permitting Ruff to violate Federal Motor Carrier Safety Regulations.   Finally, as discussed in this Court's March 6, 2013 Memorandum Opinion and Order, both Ruff's prior hours-of-service violations as well as S.B., Inc.'s assignment of "points" under its point system, are relevant evidence for purposes of Plaintiff's punitive damages claim against S.B., Inc.   *See* Memorandum Opinion and Order (Doc. 243).   Consequently, the Court concludes that the information contained in Ruff's driver's safety jacket is relevant evidence under Rule 402.

   **B.  Rule 404(b)**

Ruff also argues that his driver's safety jacket is inadmissible under Federal Rule of Evidence 404(b).   Rule 404(b) provides that evidence of "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."   Fed. R. Evid. 404(b)(1). On the other hand, Rule 404(b) also provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."   Fed. R. Evid. 404(b)(2).   Ruff

5

argues that Plaintiff has not offered the evidence of "prior incidents" in his driver's safety jacket for any proper purpose under Rule 404(b)(2).

Plaintiff responds, indicating that it has no intention of introducing evidence of Ruff's "prior incidents" to show that he acted in conformity with those accidents at the time of the subject accident. She maintains, instead, that she offers the "prior incidents" for the following purposes:   1) to prove S.B., Inc.'s negligent retention, training, and supervision of Ruff as a driver; 2) to prove S.B., Inc.'s own direct negligence, pursuant to federal law, for permitting Ruff to drive on the date of the subject accident in violation of Federal motor Carrier Safety Regulations; 3) to establish a punitive damage claim against S.B., Inc. for willful, wanton, and reckless disregard for public safety. Plaintiff suggests that evidence of Ruff's "prior incidents" is probative of S.B., Inc.'s "notice," or what it knew or should have known about Ruff's fitness as a truck driver.

In light of Plaintiff's negligent retention claim against S.B., Inc., the Court agrees that the evidence contained in Ruff's driver's safety jacket is offered for a proper purpose under 404(b). *See, e.g.*, *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989) (upholding the trial court's admission of a file of civilian complaints against a police officer, under 404(b), where it was offered to show the supervisor's knowledge of the officer's deficiencies, which was relevant to the plaintiff's negligent supervision claim); *Frye v. American Painting Co.*, 642 N.E.2d 995, 999 (Ind. Ct. App. 1994) ("In an action for the negligent retention of an employee, evidence of prior similar actions committed by an employee are often admissible to establish the employer's actual or constructive knowledge of the employee's propensity to commit a later act . . ."). Ruff's concerns

that the evidence may be considered by the jury for an improper purpose can be adequately addressed through the use of a limiting instruction in which the jury is instructed to consider any prior accidents or incidents contained in Ruff's driver's safety jacket only for certain purposes and not for the purpose of determining whether Ruff drove in a negligent manner on March 6, 2010.

### C. Rule 403

Next, Ruff argues that even if the Court finds that the information in Ruff's driver's safety jacket is relevant and offered for a proper purpose, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury under Federal Rule of Evidence 403.   Ruff contends that subjecting the jury to accounts of the incidents contained in his driver's safety jacket, which occurred before the subject accident, will only serve to confuse the jury. According to Ruff, the introduction of evidence from Ruff's driver's safety jacket will distract the jury, overshadow the actual allegations, "bombard" the jury with unnecessary details about Ruff's previous incidents, and cause it to decide the matter on an improper basis, such as emotions.   Plaintiff counters, arguing that the information included in Ruff's driver's safety jacket is not confusing, factually complicated, inflammatory, or likely to mislead the jury.   The Court agrees.

Indeed, Ruff has not identified any particular piece of evidence within the driver's safety jacket that is confusing, distracting, or likely to cause an emotional reaction from the jury, and the Court is unaware of any such evidence.   Ruff's prior incidents, accidents, and violations appear relatively straightforward and easy to comprehend.

Further, evidence of various relatively minor accidents and traffic violations, which did not result in serious injuries or death, are unlikely to evoke intense emotions that would unfairly prejudice Ruff.

At the same time, the evidence within Ruff's driver's safety jacket is quite probative of the issues in this case. Ruff's driver's safety jacket represents the cumulative information that was within S.B., Inc.'s possession at the time of the subject accident regarding Ruff's driving history. This evidence is critical to Plaintiff's negligence claims against S.B., Inc. Moreover, for purposes of Plaintiff's punitive damages claim against S.B., Inc., the evidence is probative of whether S.B., Inc. acted recklessly in failing to enforce its own safety policies and procedures, in failing to discipline and/or terminate an unsafe or unqualified driver, or in failing to maintain a system that would prevent hours-of-service violations by its drivers. After all, it is in Ruff's driver's safety jacket that S.B., Inc. assigned "points" for various violations and incidents under the company's point system, which it purportedly used to monitor the safety of its drivers.

In sum, the Court concludes that the information contained in Ruff's driver's safety jacket, with the exception of the previously excluded 2006 incidents and violations, is more probative than prejudicial under Rule 403. The Court cautions Plaintiff, however, that she will not be permitted to dwell upon, or present overly-detailed evidence regarding, the prior incidents contained in Ruff's driver's safety jacket. To do so might increase jury confusion or distraction.

    D.   **Substantial Similarity Test**

Finally, Ruff contends that the Tenth Circuit has adopted a "substantial similarity" test for determining the admission of prior accident evidence and that the prior accidents in his driver's safety jacket should be excluded under this test. In *Langston v. Missouri Pacific Railroad Co.*, No. 95-7122, 1996 U.S. App. LEXIS 27187 (10th Cir. Oc. 17, 1998), an unpublished case, the Tenth Circuit affirmed the trial court's exclusion of prior accident evidence and complaints involving a particular railroad crossing when the evidence was offered to establish the defendant's notice of the allegedly dangerous crossing. *Id*. at *10-11. Ultimately, the court found that the plaintiff failed to meet its burden under the "substantial similarity" test, as the court was unable to find a high degree of similarity between the conditions of the prior accidents and the conditions of the subject accident. *Id*. The court reasoned that evidence of a prior accident is "admissible to prove negligence only if it contained similar conditions as the accident involved in the suit." *Id.* at *7. The court considered various factors in evaluating the "substantial similarity" of the accidents, including the direction of travel, the time of day, traffic and weather conditions, the driver's view, and any other fact showing similarity of circumstances. *Id*.

Ruff argues, under *Langston*, that because the prior accidents contained in Ruff's driver's safety jacket are not "substantially similar" to the T-bone type collision that occurred on March 6, 2010, they should be excluded under the "substantial similarity" test. Plaintiff, in contrast, contends that because the prior accidents evidence in this case is not offered to prove that Ruff acted in conformity with his prior driving patterns, Plaintiff need not demonstrate a "substantial similarity" between the prior accidents and

9

the March 6, 2010 accident.    Plaintiff further argues that because Ruff's prior accidents are being offered to show S.B., Inc.'s knowledge or notice of Ruff's bad driving history, any distinctions between the details of the subject accident and prior accidents go to the weight of the evidence, rather than to their admissibility, citing *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992).

Ruff responds, arguing that Plaintiff's proposal of a "relaxed substantial similarity" test is incorrect, unsupported, and contrary to Tenth Circuit law.    According to Ruff, the court has only relaxed the "substantial similarity" test in the context of products liability cases.    Ruff maintains that this case is not comparable to *Four Corners* because it does not involve a product failure or an expert's experiment.

The Court agrees with Ruff that the present case is not analogous to *Four Corners* or similar products liability cases.    However, the Court also finds that this case is equally distinguishable from *Langston*, on which Ruff relies.    *Langston* involved an automobile-train collision at a particular railroad crossing, in which the plaintiffs offered evidence of prior accidents at that crossing to prove that the defendants had notice that the crossing was extra-hazardous.    *Langson*, No. 957122, 1996 U.S. App. LEXIS 27187, at *3-4.    Considering the admissibility of the prior accident evidence, the court relied upon another railroad crossing case, *St. Louis-San Francisco Ry. Co. v. Powell*, 385 P.2d 465 (Okla. 1963), in which the Oklahoma Supreme Court utilized the "substantial similarity" test.    *Langston*, No. 957122, 1996 U.S. App. LEXIS 27187, at *8.    The Tenth Circuit concluded that the "substantial similarity" test, which is often used in product liability cases, "is equally applicable to the introduction of evidence of train

related accidents under similar circumstances." *Id*. at *7.

This Court concludes, however, that the "substantial similarity" test is not applicable here.[1] First, it is significant that the alleged negligence of the defendants in *Langston* related to the precise location of the subject accident: the allegedly extra-hazardous railroad crossing. As a result, the Tenth Circuit required that any prior accident evidence offered also occurred at the same crossing and under the same conditions. *Id*. at *5. In contrast, here, Plaintiff's negligence allegations have nothing to do with the precise location or conditions of the subject accident. Accordingly, the prior accident evidence offered by Plaintiff does not involve the same locale or the same conditions; it does, however, involve the same driver.

Notably, in *Langston*, the Tenth Circuit emphasized that "rather than mechanically applying the substantial similarity" test, the trial court should consider the plaintiff's "theory of the accident." *Id*. at *11. Here, the prior accident evidence is not offered by Plaintiff to prove that Ruff negligently caused the accident, but, instead, to prove that S.B., Inc. negligently retained and supervised Ruff, allowing him to drive on the day of the accident in excess of federal hours-of-service regulations. Considering Plaintiff's distinct theory of liability against S.B., Inc., the Court concludes that it would be improper to "mechanically" apply the "substantial similarity" test to exclude any of Ruff's prior accidents and incidents not substantially similar to the subject accident.

---

[1] Even so, if the "substantial similarity" test were applied, the Court notes that the hours-of-service violations documented in Ruff's driver's safety jacket are substantially similar to the relevant conditions of the subject accident, as the undisputed evidence reveals that Ruff drove in excess of the hours-of-service regulations on March 6, 2010. *See* Memorandum Opinion and Order (Doc. 243), at 4.

Ruff has not cited any cases, and the Court is not aware of any, suggesting that the "substantial similarity" test should be applied under the facts and liability theories presented here.  *C.f. Stallings v. Werner Enterprises, Inc.*, 598 F. Supp. 2d 1203, 1212 (D. Kan. 2009) (considering evidence on a motion for summary judgment of a truck driver's prior accidents and traffic violations in an action against a trucking company for negligent hiring and retention of an unfit driver).

### E. Exclusion During Compensatory Phase

Ruff argues, alternatively, that if his driver's safety jacket is admitted, it should only be permitted during the second phase of the trial regarding punitive damages.  This Court has previously determined that Plaintiff's case will be bifurcated into two trials, with a compensatory phase followed, if necessary, by a punitive phase.  Memorandum Opinion and Order (Doc. 246), at 3.  Nevertheless, as the Court has discussed herein, the evidence contained in Ruff's driver's safety jacket is probative of Plaintiff's negligent retention claim against S.B., Inc. as well as her punitive damages claims.  Consequently, Ruff's alternative request – to exclude his driver's safety jacket from the compensatory phase – is denied.

### IV. CONCLUSION

In conclusion, the Court concludes that the evidence presented in Ruff's driver's safety jacket is admissible under Federal Rules of Evidence 402, 404(b), and 403 and that the "substantial similarity" test does not apply here.

**IT IS THEREFORE ORDERED** that Defendant Samuel L. Ruff's Motion in Limine to Exclude Previous Incidents Contained on the Driver's Safety Jacket (Doc. 126)

is hereby **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE