IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ELSIE TOM,
*as personal representative of the Estate of Sam Tom*

    Plaintiff,

v.                                                                  Case No. 10-cv-1257 GBW/WPL

S.B. INC., *et al*.

    Defendants.


**ORDER**

This matter is before the Court on Plaintiff's Motion for *Daubert* Hearing ("*Daubert* Motion"), Defendant Samuel L. Ruff's Motion in Limine to Exclude Testimony of Alan Asay ("Asay Motion") and Plaintiff's Motion in Limine Regarding Certain Opinions of Defendants' "Expert" Ron Feder ("Feder Motion"), as well as the Court's review of the record. *Docs. 127, 136, 193, 254.* The Court, having considered the motions, briefs, evidence, arguments, relevant law, and otherwise being fully advised, finds as follows.[1]

I.    STANDARD OF REVIEW

Federal Rule of Evidence 702 provides that an expert may testify in the form of

---

[1] This order memorializes the Court's oral rulings on September 23, 2013. *See doc. 281.* To the extent that a party believes this written order diverges from the oral ruling, the party should raise file a motion seeking clarification no later than February 10, 2014.

an opinion or otherwise if:

>(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>(b) The testimony is based on sufficient facts or data;
>
>(c) The testimony is the product of reliable principles and methods; and
>
>(d) The expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Rule 702 incorporates the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137 (1999), to ensure that proffered expert testimony is both relevant and reliable. *See* FED. R. EVID. 702, 2000 Amendments.

*Daubert* challenges, like other preliminary questions of admissibility, are governed by Federal Rule of Evidence 104. *United States v. Turner*, 285 F.3d 909, 912-13 (10th Cir. 2002). To determine whether an expert opinion is admissible, the district court performs the following two-step analysis: (1) the court must determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion; and (2) if the expert is so qualified, the court must determine whether the expert's opinion is reliable and helpful under the principles set forth in *Daubert*. *See 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).

In addition to satisfying Rule 702 and *Daubert*, proffered expert testimony must also pass muster under Federal Rule of Evidence 403. Trial courts have broad discretion in determining the admissibility of expert testimony. *See United States v. Velarde*, 214 F.3d 1204, 1208 (10th Cir. 2000) (reviewing court's admission of expert testimony for abuse of discretion). The court's discretion is equally broad in deciding both how to assess an expert's reliability--including what procedures to use in making that assessment--and in making the ultimate determination of reliability. *Id.* at 1208-09.  The district court has no discretion as to the actual performance of its gate-keeping function. *Turner*, 285 F.3d at 913.

## II.    ANALYSIS

In its prior ruling (*see doc. 254*), the Court determined that a *Daubert* hearing was required to consider the admissibility of certain aspects of each of the above-named experts' proffered testimony.  The Court excluded certain evidence as to each of the expert witnesses in its ruling, and held a *Daubert* hearing on the remainder of the proposed testimony on September 23, 2013.  *Doc. 281*.  Based on the testimony at this hearing, the Court makes the following findings.

### A.    The Acock Motion

Plaintiff has sought to introduce Mr. Acock's testimony based on his 57 years of experience as a trucking safety expert. *Doc. 190* at 2 and Ex. A.  While the Court set forth certain limitations to Mr. Acock's testimony in its prior order, it reserved ruling on the

following proposed areas of Mr. Acock's testimony, which were not challenged by Defendants:

1. Had Mr. Ruff maintained his lane, he would not have impacted Tom in the driver side door;

2. Mr. Ruff made a "slowed and bad judgment call when he chose to steer left" towards Tom rather than maintain his lane, and that choice was a cause of the accident;

3. Mr. Ruff chose to violate common safety rules, and those violations were a cause of the crash; and

4. The crash was preventable

*Doc. 254* at 8-9.

As the Tenth Circuit has explained, an expert witness's testimony may arise solely from his own experience, but where that is the case, "the [expert] witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009) (quotation and citation omitted).

Based on Mr. Acock's testimony at the *Daubert* hearing, the Court has determined that Mr. Acock has not established a sufficient foundation for the causation portion of his third opinion above (i.e. that Mr. Ruff's alleged violation of the applicable driving safety rules was the cause of the accident). Mr. Acock may, however, opine that had Mr. Ruff maintained his lane, he would not have impacted the decedent's truck on the driver side door. He can also offer his opinion that Mr. Ruff made a "slowed and

bad judgment call when he chose to steer left" towards the decedent rather than maintain his lane, and that this choice was a cause of the accident.  Finally, Mr. Acock can testify as to his opinion that the accident was preventable.

**B.     The Asay Motion**

The prior limitations to Mr. Asay's testimony are set forth in the Court's order issued on March 22, 2013.  *Doc. 254.*  Based on Mr. Asay's testimony at the *Daubert* hearing, the Court is satisfied that Mr. Asay is qualified to testify as to the following topics.

Mr. Asay may testify as to his opinion that Mr. Ruff "squandered" his reaction time (as consistent with his testimony at the *Daubert* hearing).  Further, he can opine that fatigue is one of several factors that may explain "squandered" reaction time in such circumstances.  He may also testify that his expert opinion about the sequence of events leading to the accident is based on the assumption that a driver in the decedent's position would not have attempted a left turn unless he had concluded that the turn could be safely made.  Assuming Mr. Asay's model so demonstrates, he may also opine that a driver in Mr. Ruff's position moving at a slower rate of speed would have been able to avoid the collision at issue.

Mr. Asay is not qualified, however, to opine as to the decedent's actual driving decisions prior to the accident.  Nor, based on his testimony at the *Daubert* hearing, is the Court satisfied that Mr. Asay has sufficient expertise to opine about what a properly

trained driver would do in a safety corridor, or that a properly trained driver would not have veered left to avoid the accident.

### C.     The Feder Motion

The prior limitations to Mr. Feder's testimony are set forth in the Court's order issued on March 22, 2013.  *Doc. 254.* The Court, in light of Mr. Feder's testimony at the *Daubert* hearing, makes the following further findings.

Mr. Feder may present his opinion of the sequence of events leading up to the accident based upon a scenario where the decedent stopped beyond the stop sign.  He may further testify about the possibility that the decedent stopped his vehicle while he was attempting to make a left-hand turn across Mr. Ruff's lane, and about the impact of that decision on Mr. Ruff's potential recourses of turning right or maintaining his lane.  Mr. Feder may not, however, testify that veering left was the only "reasonable" evasive maneuver.  Assuming its relevance, he may give an opinion that, based upon pertinent studies, veering left was a natural reaction in this circumstance.

### III. CONCLUSION

The parties' experts Mssrs. Asay, Acock, and Feder, shall be permitted to offer their expert opinions at trial in accordance with this order and the Court's prior ruling.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**